IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MORRIS RICHARD JONES,**

        **Petitioner,**

        v.                      CASE NO. 10-3152-RDR

**CLAUDE CHESTER,**
**et al.,**

        **Respondents.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241, by an inmate of the United States Penitentiary, Leavenworth, Kansas. The filing fee has been paid. Having examined the materials filed the court finds as follows.

Mr. Jones seeks to challenge his 2007 federal convictions and sentences entered upon his plea of guilty in the United States District Court for the Northern District of Oklahoma. He does not allege that he directly appealed, but does reveal that he filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255, which was denied in May, 2008.

28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Id. A motion under § 2255 in the district that imposed sentence is the "exclusive remedy" for challenging a conviction or sentence, unless there is a showing that the remedy is inadequate or ineffective. See 28 U.S.C. § 2255; Haugh v. Booker, 210 F.3d 1147,

1149 (10th Cir. 2000). The § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Jones claims that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention" on two grounds. First, he states that the "Tenth Circuit held" that he does not meet the statutory requirement to file a second and successive 2255 motion. He also claims that "the Supreme Court holds that a 2241 may be used when a defendant is imprisoned for an act that the law does not make criminal."

The court accepts as true that the Tenth Circuit Court of Appeals denied Mr. Jones authorization to file a second or successive § 2255 motion. However, the mere fact that he failed to meet the statutory pre-certification standards for filing another Section 2255 motion does not establish that the § 2255 remedy itself is inadequate, and thus does not render his claim cognizable under 28 U.S.C. § 2241.

In his Memorandum in Support, petitioner cites Bousley v. U.S., 523 U.S. 614 (1998) and Watson v. U.S., 552 U.S. 74 (2007). Nowhere in Bousley or Watson, was it held or suggested that a collateral attack upon a § 924(c)(1) guilty plea conviction could be litigated in the district of confinement by way of a § 2241 petition. The petitioner in Bousley was proceeding upon a § 2255 petition, not a § 2241 petition. See Bousley, 523 U.S. at 623. The appellant in Watson was properly proceeding on direct appeal. Thus, the authorities cited by petitioner do not entitle him to proceed with his claims in a § 2241 petition.

A § 2241 petition has a distinct purpose from a § 2255 motion.

2

A § 2241 petition attacks the execution of a sentence rather than its validity. It has long been established that a § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." Williams v. U.S., 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), cert. denied, 377 U.S. 980 (1964). The sole means for petitioner to raise his challenge to his conviction was by motion under § 2255. The fact that it was denied does not render the § 2255 remedy inadequate or ineffective, and § 2241 an alternative remedy. This federal district court simply does not have jurisdiction to review petitioner's conviction or sentence by way of a § 2241 motion. Haugh, 210 F.3d at 1150.

**IT IS THEREFORE ORDERED** that this action is dismissed for lack of jurisdiction and all relief is denied, without prejudice.

**IT IS SO ORDERED.**

**DATED:** This 5th day of October, 2010, at Topeka, Kansas.

            **s/RICHARD D. ROGERS**
            **United States District Judge**